[Cite as *State v. Farley*, 2018-Ohio-4986.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-280 |
| v. | : | (C.P.C. No. 95CR-2955) |
| James R. Farley, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

### Rendered on December 13, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *James R. Farley,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} James R. Farley is appealing from the trial court's failure to grant him relief based on his filing a petition for postconviction relief. He assigns two errors for our consideration:

> [I.] Where a trial court's journal entry on resentencing fails to include a formerly imposed mandatory fine and in turn seeks to credit the defendant for prison time served in conjunction with the underlying conviction in violation of: O.R.C. Section 2929.19(B)(2)(g)(i) the judgment is 'declared void' by operation of law; it must be vacated; and the defendant is entitled to a new ('de novo') sentencing hearing.
>
> [II.] Whether a trial court's failure to impose a valid final judgment within the time limitation prescribed in: O.R.C. Section 2325.18(A); and, O.R.C. Section 2329.07(A)(l), i.e., five years, *such judgment becomes dormant and the revival

of the judgment is thus governed by the mandatory provisions of: O.R.C. Section 2325.15-2325.17.

{¶ 2} Farley was convicted of aggravated murder in 1996 and sentenced to a life sentence of incarceration. The original sentencing entry required that he serve 20 years of incarceration before he was eligible for parole. A few months later, a new sentencing entry was journalized with the additional requirement that Farley serve 20 full years of incarceration before he was eligible for parole.

{¶ 3} The addition of the word "full" was overturned on appeal and the case was remanded for another sentencing. This last sentencing occurred on August 15, 2000.

{¶ 4} Over 15 years later, Farley attempted to overturn the last sentencing entry with a petition for postconviction relief. The judge now assigned to his case denied him relief on two separate, valid grounds. First, the time to pursue a petition for postconviction relief is basically 180 days and Farley is 15 years past that time. Second, Farley had the opportunity to appeal the final sentencing entry and failed to do so.

{¶ 5} The fact that the trial court did not impose a fine on him in the last sentencing entry does not make his life sentence stated in that entry void. His first assignment of error is overruled.

{¶ 6} The last life sentence imposed on Farley was, in fact, a final judgment which could have been appealed, but was not. The sentences and journalized judgment never became dormant. Further, Farley has been incarcerated the whole time, which is inconsistent with the concept of the judgment being considered dormant.

{¶ 7} The second assignment of error is overruled.

{¶ 8} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

_____